RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY

CHRISTINE G. ENGLAND, ID Bar No. 11390
Assistant United States Attorney
District of Idaho
1290 West Myrtle Street, Suite 500
Boise, ID  83702
Telephone: (208) 334-1211
Facsimile: (208) 334-9375
christine.england@usdoj.gov

TODD KIM
ASSISTANT ATTORNEY GENERAL

PAUL G. FREEBORNE
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Temp. Tel: (434) 325-2062
Fax: (202) 305-0506
paul.freeborne@usdoj.gov

SHAMPA A. PANDA
Trial Attorney
Wildlife and Marine Resources Section
150 M Street NE
Washington, D.C. 20002
Tel: (202) 305-0431
Fax: (202) 305-0275
shampa.panda@usdoj.gov

READE E. WILSON
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Tel: (202) 305-0299
Fax: (202) 305-0506
reade.wilson@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YELLOWSTONE TO UINTAS CONNECTION, and ALLIANCE FOR THE WILD ROCKIES,<br><br>  Plaintiffs,<br><br>  v.<br><br>MEL BOLLING, Forest Supervisor Caribou-Targhee National Forest, MARY FARNSWORTH, Regional Forester for Intermountain Region, and UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and the UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>  Defendants.<br><br>and<br><br>LOWER VALLEY ENERGY AND STATE OF WYOMING,<br><br>  Defendant-Intervenors. | Case No. 4:20-CV-00192-DCN<br><br>**FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Federal Defendants respectfully submit this memorandum in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Forest Service withdrew the Record of Decision ("ROD") challenged in this litigation. Moreover, the challenged U.S. Army Corps of Engineers ("Corps") Clean Water Act verification has expired. As there is no reviewable final agency action or case or controversy to be adjudicated, the Court must dismiss the case for lack of subject matter jurisdiction.

2

## I. BACKGROUND

This case primarily concerns the Forest Service's approval of the Crow Creek Pipeline Project, a proposed 49.1 mile natural gas pipeline from Montpelier, Idaho, to Afton, Wyoming, across National Forest System ("NFS"), Bureau of Land Management ("BLM"), state, and private lands (the "Project"). On November 1, 2019, the Forest Service issued a Record of Decision ("ROD") approving the routing of the Crow Creek Pipeline "across NFS land with a 50-foot construction (temporary) right-of-way (ROW) width . . . [and] 20-foot wide permanent ROW." FS-005342. Plaintiffs filed this action challenging the ROD under the Administrative Procedure Act ("APA") and the Endangered Species Act ("ESA"), seeking (1) a declaration that the Project violates the law and (2) either vacatur of the ROD or an injunction against implementation of the Project. ECF No. 27 at 53 (Prayer for Relief ¶¶ A-B).

On March 28, 2022, the Forest Service withdrew the ROD, effective immediately, on the grounds that it did not conform with the decision framework of the Mineral Leasing Act and regulations, specifically 30 U.S.C. § 185(c)(2); 36 C.F.R. § 251.54(b)(3); 43 C.F.R. § 2881.11. *See* Exhibit 1 (Withdrawal Notice). As described in the Withdrawal Notice, the Mineral Leasing Act requires BLM, not the Forest Service, to issue rights-of-way across federal lands where a proposed pipeline, like here, traverses federal lands managed by more than one federal agency. *Id*. The Withdrawal Notice directs Forest Service staff "to conduct additional review and analysis in coordination with BLM." *Id*. The Withdrawal Notice further states:

> Any new Forest Service decision regarding the Crow Creek Pipeline Project will comply with all applicable law, including the National Environmental Policy Act and the Endangered Species Act, and public participation requirements. Construction of the Project cannot proceed on [Forest Service] lands unless and until BLM grants the ROW.

*Id.*

Plaintiffs also challenge the Corps' April 14, 2020 decision verifying that 17 proposed pipeline crossings of waters subject to the Clean Water Act were authorized by the 2017 Nationwide Permit 12. *See* ECF No. 27 ¶¶ 213-229. In 2021, the 2017 Nationwide Permit 12 was replaced with a new Nationwide Permit 12. 86 Fed. Reg. 2744 (Jan. 13, 2021). Further, the project-specific verification expired on March 18, 2022. *See* ECF No. 84 at USACE_NWW_008994. No new verification has been issued.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted); *Century Sur. Co. v. Belmont Seattle*, *LLC*, 691 F. App'x 427, 429 (9th Cir. 2017) (citation omitted). A federal court may exercise jurisdiction only over "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks omitted) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

"Federal courts lack jurisdiction to consider moot claims." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (holding a federal court does not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare

4

principles or rules of law which cannot affect the matter in issue in the case before it." (citation omitted))). If a federal court does not have jurisdiction, the Federal Rules of Civil Procedure require the court to dismiss the claim. Fed. R. Civ. P. 12(b)(1), (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1138 (9th Cir. 2013) ("[A] jurisdictional defect is a non-waivable challenge that may be raised at any time during the proceedings[.]"). Put simply, a court cannot "take jurisdiction over a claim to which no effective relief can be granted." *Headwaters, Inc. v. BLM, Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989) (citing *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984)).

### III. ARGUMENT

**A. Plaintiffs' claims are moot because the Forest Service withdrew the Record of Decision.**

This lawsuit no longer presents a live case or controversy because the Forest Service withdrew the challenged ROD.[1] Exhibit 1 (Withdrawal Notice). The APA permits a citizen suit only where there is a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *Rattlesnake Coal. v. EPA,* 509 F.3d 1095, 1104 (9th Cir. 2007) ("Absent final agency action, there was no jurisdiction in the district court to review the NEPA claim."). Accordingly, courts in the Ninth Circuit have held that the withdrawal or rescission of an agency

---

[1] Plaintiffs also challenge the Corps' issuance of a verification for the pipeline under the 2017 Nationwide Permit ("NWP") 12. ECF No. 27 ¶¶ 213-229. This Court interpreted Plaintiff's claim as a facial challenge to NWP 12: that Plaintiffs challenged "the agencies' authorizations a[s] invalid because the United States District Court for the District of Montana issued a preliminary injunction to that effect, and because there is no other valid permit for the portions of the pipeline." ECF No. 47 at 3. However, the 2017 NWP 12 has been replaced with the 2021 NWP 12, 86 Fed. Reg. 2744-01 (Jan. 13, 2021), and is supported by an entirely new administrative record that is not before the Court. Moreover, Plaintiffs' sole basis for challenging NWP 12 relied on the District of Montana's preliminary injunction—a ruling that exclusively addressed the 2017 NWP 12. And even if Plaintiffs had asserted an as-applied challenge, the project-specific verification has expired and no new verification has been issued. Therefore, there is also no case or controversy regarding Plaintiffs' NWP 12 claim for this Court to adjudicate.

action moots any controversy over that action.  *See, e.g., All. for the Wild Rockies v. Reilly*, 154 F. App'x 7, 8 (9th Cir. 2005) ("Since the Record of Decision authorizing the [Project] has been permanently withdrawn, there is no final decision to review."); *Or. Nat. Res. Council, Inc. v. Grossarth*, 979 F.2d 1377, 1379-80 (9th Cir. 1992) (affirming dismissal as moot following withdrawal of agency project); *Wildwest Inst. v. Seesholtz*, No. CV-07-199-S-BLW, 2008 WL 3289486, at *3 (D. Idaho Aug. 8, 2008) (dismissing case as moot where challenged projects withdrawn); *Lands Council v. Kimbell*, No. CV04-214-N-EJL, 2005 WL 2416002, at *2 (D. Idaho Sept. 30, 2005) ("Since the project has been withdrawn, there is no case or controversy for this Court to resolve. . . . [T]he Court may not issue advisory opinions on withdrawn projects.").

This Court's decision in *Wildwest Institute v. Seesholtz* is illustrative.  2008 WL 3289486.  There, the Forest Service sought dismissal of the plaintiff's claims as moot following initiation of additional NEPA procedures to revise the relevant Forest Plan and withdrawal of the challenged projects authorized under that Forest Plan.  *Id.* at *2.  This Court held that the claims were mooted by the withdrawal of the challenged projects, reasoning that any decision on the merits would be an "advisory opinion" and that the plaintiff would have "full appeal rights on a new administrative record." *Id*. at 3.

Similarly, in *Lands Council v. Kimbell*, this Court granted the Forest Service's motion to dismiss following the withdrawal of the challenged agency decision on a logging project. *Lands Council*, 2005 WL 2416002, at *1 ("The Deerfoot Project has been withdrawn.  Therefore, the Defendants claim the Plaintiffs' challenges to the Deerfoot Project are moot and the case must be dismissed.  The Court agrees.").  The Court rejected the plaintiffs' argument that the Court should analyze the case on the merits to prevent "similar unlawful activity," reasoning that (1) the plaintiffs were merely speculating that the Forest Service would not properly analyze future

6

projects and (2) if the Forest Service proceeded with the withdrawn project at a later date, the plaintiffs would be "free to challenge such a decision at that time." *Id.* at 2.

Plaintiffs' claims in this case are moot because the Forest Service withdrew the challenged agency decision, effective immediately. Exhibit 1 (Withdrawal Notice). Like in *Wildwest Institute* and *Lands Council*, the Project cannot proceed until a new record of decision, in compliance with applicable law, including NEPA and the ESA, and public participation requirements, is issued. Exhibit 1 (Withdrawal Notice) ("Any new Forest Service decision regarding the Crow Creek Pipeline Project will comply with all applicable law, including the National Environmental Policy Act and the Endangered Species Act, and public participation requirements."). If the Forest Service or BLM issue a new decision or decisions related to this Project, Plaintiffs can challenge those decisions on the new administrative record.

Moreover, there is no longer any relief available to Plaintiffs. In their Amended Complaint, Plaintiffs ask the Court to vacate the ROD or to enjoin implementation of the Project. ECF No. 27 at 53 (Prayer for Relief ¶ B). The Forest Service's unequivocal withdrawal of the challenged ROD—"effective immediately"—means there is no longer an agency action subject to vacatur. And, because "the Project cannot proceed on NFS lands unless and until BLM grants the ROW," there is no longer an action subject to injunctive relief. *See* Exhibit 1 (Withdrawal Notice). The ROD no longer authorizes any actions and cannot be a source of injury to Plaintiffs.

In sum, in the wake of the withdrawal of the ROD, there is no final agency action for this Court to review, no relief available to Plaintiffs, and Plaintiffs' claims are moot.

B. **Neither exception to mootness applies to this case.**

The two recognized exceptions to mootness—(1) "voluntary cessation" of challenged conduct and (2) conduct "capable of repetition yet evading review," *Friends of Bitterroot v. Anderson*, No. 20-104-M-DLC, 2020 WL 6888564, at *3 (D. Mont. Nov. 24, 2020)—are inapplicable here.

1. The voluntary cessation exception does not apply.

The "voluntary cessation of a challenged practice" does not moot an action unless "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Wildwest Inst.*, 2008 WL 3289486, at *3 (D. Idaho August 8, 2008) (internal quotation marks omitted) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  A case is moot when both conditions are met "because neither party has a legally cognizable interest in the final determination of the underlying questions of fact or law." *Cnty. of Los Angeles,* 440 U.S. at 631; *see also Or. Nat. Res. Council, Inc. v. Grossarth*, 979 F.2d 1377, 1378 (9th Cir. 1992) ("[E]ven if the Service's withdrawal of the sale could be described as voluntary, there is in the record before the district court no basis on which we could form a 'reasonable expectation' that there will be a recurrence[.]").  In *Wildwest Institute*, this Court held that the "irrevocable withdrawal" of the project and "the need to re-initiate the NEPA process if either project is reinitiated" satisfied both prongs and the case was moot. *Wildwest Inst.*, 2008 WL 3289486, at *3.

The Forest Service withdrew the challenged ROD because it did not conform with the Mineral Leasing Act and corresponding regulations.  Exhibit 1 (Withdrawal Notice).  Only BLM, not the Forest Service, has the authority to issue rights-of-way across federal lands

8

administered by more than one federal agency. 30 U.S.C. § 185(c)(2); 36 C.F.R. § 251.54(b)(3); 43 C.F.R. § 2881.11. The withdrawal of the ROD was therefore legally required and was not "voluntary" within the meaning of the voluntary cessation doctrine. Furthermore, like in *Wildwest Institute*, any new agency decision related to the Project would need to comply with applicable law, including NEPA and the ESA, and public participation requirements, and would necessarily be based on a new administrative record. Exhibit 1 (Withdrawal Notice). The withdrawal of the ROD has "completely and irrevocably eradicated the effects of the alleged violation" because the ROD is no longer in effect and the Project cannot go forward without further agency review and approval. *Cnty. of Los Angeles*, 440 U.S. at 631; Exhibit 1 (Withdrawal Notice). The remedy demanded by Plaintiffs—vacating the ROD or enjoining the Project—has been satisfied. As a result, the "voluntary cessation" exception to mootness does not apply in this case.

    2. <u>The "capable of repetition yet evading review" exception does not apply.</u>

The "capable of repetition yet evading review" exception to mootness applies only when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). For the first prong to be met, the controversy must be of an "*inherently* limited duration." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (citations omitted) (holding the exception did not apply where temporary relief was available to maintain a "live controversy"); *see also Headwaters, Inc. v. BLM, Medford Dist.*, 893 F.2d 1012, 1016 (9th Cir. 1989) (holding that the "evasion" prong is not satisfied where future timber sales could be challenged in court "and restrained if the court finds reason to restrain them."). With respect to

9

the second prong, the "mere physical or theoretical possibility" of repetition is insufficient to satisfy the exception. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Rather, there must be a "reasonable expectation or demonstrated probability that the same controversy will recur involving the same complaining party." *Id.* (internal quotation marks and citation omitted).

The "capable of repetition yet evading review" exception cannot apply to this case because the challenged action of approving a pipeline route is not of an "inherently limited duration" and it is not reasonably probable that the same controversy will arise again among the same parties. This case is not moot because of the passage of time or the completion of a project. Rather, it is moot because of the change in circumstances—the Forest Service withdrew the final agency action approving the Project. As indicated in the Withdrawal Notice, any new decision by the Forest Service must comply with applicable law and public participation requirements. Exhibit 1 (Withdrawal Notice). Furthermore, BLM, not the Forest Service, will authorize the rights-of-way across all federal lands involved in the Project based on a new administrative record. There is no reasonable probability that BLM or the Forest Service will issue the same decision, under the same analysis, and be subject to the same claims brought by Plaintiffs in this action. As a result, neither mootness exception applies in this case. The Court should dismiss for lack of subject matter jurisdiction.

## IV. CONCLUSION

With the Forest Service's withdrawal of the ROD and the replacement of Nationwide Permit 12, there is no live case or controversy and no effective relief available to Plaintiffs. For the foregoing reasons, Federal Defendants respectfully request the Court dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted this 4th day of April, 2022.

        TODD KIM
        ASSISTANT ATTORNEY GENERAL

        */s/ Paul G. Freeborne*
        PAUL G. FREEBORNE
        Trial Attorney
        Natural Resources Section
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Temp. Tel: (434) 325-2062
        Fax: (202) 305-0506
        paul.freeborne@usdoj.gov

        */s/ Shampa A. Panda*
        SHAMPA A. PANDA
        Trial Attorney
        Wildlife and Marine Resources Section
        150 M Street NE
        Washington, D.C. 20002
        Tel: (202) 305-0431
        Fax: (202) 305-0275
        shampa.panda@usdoj.gov

        */s/ Reade E. Wilson*
        READE E. WILSON
        Trial Attorney
        Natural Resources Section
        150 M Street NE
        Washington, D.C. 20002
        Tel: (202) 305-0299
        Fax: (202) 305-0506
        reade.wilson@usdoj.gov

        *Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to the attorneys of record.

*/s/Reade E. Wilson*
READE E. WILSON
Trial Attorney
